

**FILED**

*10:37 am, 4/20/26*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| EDVIN FUENTES LOPEZ, | |
| Petitioner, | |
| vs. | Case No.  26-CV-0069-R |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement, MICHAEL BERNACKE, in his official capacity as ICE Field Office Director and warden in current custody of Petitioner, LT. BRENDEN MORROW, in his official capacity as the Administrator and Warden of the Unita County Detention Center Unita County, Wyoming, TODD BLANCHE, in his official capacity as the United States Attorney General, The Executive Office for Immigration Review, and United States Immigration and Customs Enforcement, | |
| Respondents. | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 [1]**

This matter is before the Court on a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 filed by Petitioner Edvin Fuentes Lopez. [ECF No. 1]. The Court, having

considered the petition, response, and being otherwise fully advised, hereby GRANTS Mr. Fuentes Lopez's Petition for Writ of Habeas Corpus in part.

## BACKGROUND

Petitioner is a native and citizen of Honduras. *Id*. at 8. Petitioner entered the United States ("U.S.") on or about October 20, 2019. [ECF No. 10-2, at 2]. On December 13, 2019, Department of Homeland Security ("DHS") paroled Petitioner into the U.S. *Id*. at 3. On November 5, 2020, Respondent issued "an *in absentia* order of removal." [ECF No. 1, at 3] (emphasis in original). However, years later, Petitioner initiated a process for classification as a Special Immigrant Juvenile ("SIJ"). *Id*. at 4.

"Eligibility for SIJ status requires the petitioner to file a form petition along with evidence of age, the juvenile court orders, and other evidence." *Francisco v. Dedos*, No. 1:25-cv-1229 MIS-GJF, 2026 U.S. Dist. LEXIS 11085, at *18–19 (D.N.M. Jan. 20, 2026) (citing 8 C.F.R. § 204.11(d)). "The design of the SIJ program 'show[s] a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for [lawful permanent residence (LPR)] status.'" *Herrera v. Baltzar*, Civil Action No. 1:25-cv-04014-CNS, 2026 U.S. Dist. LEXIS 6571, at *4 (D. Colo. Jan. 13, 2026) (alterations in original) (quoting *Garcia v. Holder*, 659 F.3d 1261, 1271 (9th Cir. 2011)). "[H]owever, [there are] a limited number of visas available for special immigrants." *Francisco*, 2026 U.S. Dist. LEXIS 11085, at *20 (citations omitted). Therefore, "[d]espite providing a potential pathway for lawful permanent resident status, an SIJ beneficiary 'may wait years for the opportunity to file for adjustment of status.'"

2

*Herrera*, U.S. Dist. LEXIS 6571, at *5 (quoting *Joshua M. v. Barr*, 439 F. Supp. 3d 632 (E.D. Va. 2020)).

First, the Second District Juvenile Court in Farmington, Utah granted a petition for special findings for an at-risk noncitizen child on March 27, 2025. [ECF No. 1, at 4]. Next, Petitioner filed an I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("I-360") on April 28, 2025. *Id*. United States Citizenship and Immigration Services ("USCIS") approved Petitioner's I-360 on October 9, 2025. *Id*. at 5. Therefore, Petitioner received SIJ status and is currently classified SIJ status.

On September 18, 2025, DHS apprehended the Petitioner. *Id*. at 3. DHS's next step was to remove the Petitioner pursuant to the order of removal issued on November 5, 2020. *Id*. However, Petitioner sought to re-open his case. *Id*. An Immigration Judge ("IJ") ordered the case re-opened on October 6, 2025, and initiated removal proceedings pursuant to 8 U.S.C. § 1229a. *Id*. Shortly after, on October 9, 2025, DHS unlawfully removed the Petitioner and returned him to Honduras. *Id*.

On November 24, 2025, DHS admitted that their agency lacked authority to remove the Petitioner with a pending case. *Id*. at 3. Subsequently, on December 2, 2025, the Salt Lake City Immigration Court terminated removal proceedings against Petitioner because DHS failed to return Petitioner to the U.S. *Id*. at 4. Eventually, Respondents returned Petitioner to the U.S. on January 20, 2026, and commenced removal proceedings against Petitioner pursuant to 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(i)(I). *Id*. On January 29, 2026, DHS issued a new Notice to Appear ("NTA"). [ECF No. 10-2, at 4]. On February 10, 2026, the IJ denied bond citing a lack of jurisdiction under *Matter of Yajure Hurtado*,

29 I. & N. Dec. 216 (BIA 2025). [ECF No. 1, at 6]. On the same day, the IJ terminated

removal proceedings pursuant to 8 CFR § 1003.1(d)(1)(ii)(B) because Petitioner is prima

facie eligible for relief from removal. *Id*. at 5. Petitioner's prima facie eligibility derives

from his classification as an SIJ. DHS reserved appeal and filed a Notice of Appeal on

March 10, 2026, with the Board of Immigration Appeals ("BIA"). [ECF No. 10-2, at 4].

As of now, Petitioner is in physical custody at the Unita County Detention Center in

Evanston, Wyoming. [ECF No. 1, at 2].

Petitioner filed a writ of habeas corpus [ECF No. 1] to "seek enforcement of his

rights to be released from custody because he is no longer in removal proceedings and

because he is a member of the Bond Denial Class certified in *Maldonado*." *Id*. at 2.

(emphasis in original).

### RELEVANT LAW

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). Further, "[c]hallenges to immigration detention are properly brought directly

through habeas." *Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004) (citing

*Zadyydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

### I.    *The Immigration and Nationality Act ("INA")*

The INA is codified at 8 U.S.C. §§ 1101–1778 and provides instances where

mandatory detention is allowed. In general, "[o]n a warrant issued by the Attorney General,

[a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen]

is to be removed from the United States" 8 U.S.C. § 1226(a). During removal proceedings,

criminal history outlined in the INA is a reason for continued detainment of a noncitizen and reason not to release on bond. *See* 8 U.S.C. § 1226(c); 8 U.S.C. § 1226(a)(2)(A). Therefore, except as provided by subsection (c) and pending a decision on removal, the Attorney General may release a noncitizen on parole or bond. 8 U.S.C. § 1226(a)(2). Furthermore, the INA codified provides:

> Subject to subparagraphs (B) and (C), in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained for a proceeding under section 240 [8 U.S.C. § 1229a].

8 U.S.C. § 1225(b)(2)(A) (alterations added). Under 8 U.S.C § 1225(b)(2)(A) there is mandatory detainment for a proceeding under 8 U.S.C. § 1229a.

Subsequently, the phrase "seeking admission" as used in the INA is significant because "a noncitizen who has been present in the country for multiple years without obtaining any form of citizenship is not 'seeking admission' under § 1225(b)(2)(A)." *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 U.S. Dist. LEXIS 9962, at *12 (W.D. Okla. Jan. 20, 2026) (citing *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025) and *Colin v. Holt*, No. CIV-25-1189-D, 2025 U.S. Dist. LEXIS 259644, 2025 WL 3645176 (W.D. Okla. Dec. 16, 2025)). Instead, noncitizens "who entered the United States many years ago, are not 'seeking admission' to the United States but are instead 'seeking to remain in the United States.'" *Antonio Hernandez v. Baltazar*, Civil Action No. 26-cv-0524-WJM, 2026 U.S. Dist. LEXIS 37849, at *6 (D. Colo. Feb. 24, 2026) (citation omitted). A distinction must be made between a noncitizen seeking admission and a noncitizen seeking to remain inside the United States when determining

mandatory detention for the purposes of § 1225(b)(2)(A), as a noncitizen seeking to *remain* in the United States is not subject to mandatory detention.

Lastly, guidelines as to noncitizens ordered removed state:

> During the removal period, the Attorney General shall detain the [noncitizen]. Under no circumstance during the removal period shall the Attorney General release [a noncitizen] who has been found inadmissible under section 212(a)(2) or 212(a)(3)(B) [8 USCS § 1182(a)(2) or (a)(3)(B)] or deportable under section 237(a)(2) or 237(a)(4)(B) [8 USCS § 1227(a)(2) or (a)(4)(B)].

8 U.S.C. § 1231(a)(2)(A). Therefore, a noncitizen ordered removed is subject to mandatory detention if they are found inadmissible as to the grounds of inadmissibility mentioned above. Further, detention may be extended pursuant to 8 U.S.C. § 1231(a)(1)(C).

The INA provides several instances when mandatory detention is required. Yet mandatory detention must meet the statutory language as seen in § 1226(c), § 1225(b)(2)(A), and § 1231.

## II.    *Bond Eligible Class*

The Central District of California granted class certification to a Bond Eligible Class. *See Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 231977 (C.D. Cal. Nov. 25, 2025). The Bond Eligible Class is defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Id*. at *4. The Court provided relief to the Bond Eligible Class by granting an application to "enjoin [r]espondents from detaining [p]etitioners unless they are provided with

individualized bond hearings before an IJ." *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 233085, at *6 (C.D. Cal. Nov. 20, 2025).

Once a petitioner provides that they are a member of the Bond Eligible Class, the respondents are "collaterally estopped from relitigating the issue as to whether Bond Eligible Class Members are entitled to the exact relief provided in the *Bautista* final judgment." *Lozano v. Santacruz*, No. 5:26-cv-00313-SSS-BFM, 2026 U.S. Dist. LEXIS 23507, *9 (C.D. Cal. Feb. 4, 2026). This is because "'[c]ollateral estoppel precludes a party from raising issues that have been contested and resolved in a prior proceeding.'" *Loeffel v. Dash,* 2020 WY 96, ¶ 20, 468 P.3d 676, 681 (Wyo. 2020) (quoting *Bird v. Lampert*, 2019 WY 56, ¶ 10, 441 P.3d 850, 854 (Wyo. 2019)).

However, the Ninth Circuit granted an emergency motion to temporarily stay declaratory judgments made on December 18, 2025, pending appeal. *See Bautista v. United States Dep't of Homeland Sec.*, No. 26-1044, 2026 U.S. App. LEXIS 6750 (9th Cir. Mar. 6, 2026).

## RULING OF THE COURT

### I.    *8 U.S.C. § 1226*

Petitioner is subject to proceedings under 8 U.S.C. § 1226, and not subject to 8 U.S.C § 1225 because Petitioner is not seeking admission. In this case, Petitioner maintained physical presence inside the United States (up to his brief exit out of the country because of DHS) for roughly six years. [ECF No. 1]. A noncitizen who has been present inside the country for multiple years without obtaining any form of citizenship is generally not considered to be seeking admission. *Cortes*, 2026 U.S. Dist. LEXIS 9962, at *12.

Petitioner's presence inside the United States distinguishes him from a noncitizen seeking admission. Instead, Petitioner's presence classifies him as a noncitizen seeking to remain inside the United States. Since the Petitioner is not seeking admission, his detainment is governed by § 1226. Therefore, the Court will review further claims of unlawful detainment under the standards of § 1226.

### a. Due Process

DHS failed to give the Petitioner due process as required under the law. Petitioner received a bond hearing where the IJ denied bond because he did not have jurisdiction. [ECF No. 1, at 6].  Leadership gave orders to IJs to follow the ruling in *Matter of Yajure Hurtado*. *Id*. Thus, IJs across the nation denied bond and did not give bond determinations, ignoring the ruling from the Central District of California. *Id*. An IJ's denial of bond based on a determination the court lacked jurisdiction does not make the request for a bond hearing conducted *pursuant* to § 1226 moot. *Paguada v. Choate*, Civil Action No. 25-cv-03970-STV, 2026 U.S. Dist. LEXIS 45853, *15 (D. Colo. Mar. 5, 2026) (finding request for a bond hearing conducted pursuant to § 1226 not moot where respondents argued that petitioner had a bond hearing so request for hearing was moot). Therefore, although the facts state that a bond hearing occurred, they did not abide by § 1226, and the Petitioner may request a bond hearing under § 1226 because Petitioner is subject to removal proceedings under § 1226.

"Having determined that § 1226(a) governs Petitioner's detention, the Court concludes that his detention without a bond hearing violates due process." *Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 U.S. Dist. LEXIS 37848, at *8 (D. Colo. Feb. 24,

2026). Therefore, Petitioner's current detention without a bond hearing violates due process because his detainment is governed by § 1226(a). Further, "denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizens due process rights." *Id*. So when the IJ decided to not give Petitioner a bond hearing citing a lack of jurisdiction, he further contributed to the violation of the noncitizen's due process rights. Therefore, Petitioners current detainment without a bond hearing is unlawful and in violation of the Fifth Amendment.

### b. Termination of Proceedings

An IJ terminated Petitioner's removal proceedings on February 10, 2026. [ECF No. 1, at 6]. Despite this, "the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39. Here, DHS reserved the right to appeal and submitted a Notice to Appeal on March 10, 2026. [ECF No. 10-2, at 4]. Therefore, the IJ's order to terminate proceedings is not necessarily final. This is because an IJ's order "from which an appeal to the [BIA] may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the [BIA]." 8 C.F.R. § 1003.6. While the appeal is pending, an order need not be executed until the decision becomes final, and DHS retains some authority to maintain Petitioner detained. However, this does not remedy the due process violations of denying a bond hearing pursuant to § 1226. Because there has

9

been a due process violation, Respondents must release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within ten days.[1]

### II.      *Bond Eligible Class*

Petitioner argues he is member of the Bond Eligible Class. [ECF No. 1, at 2]. Petitioner argues eligibility because he (1) entered the country with inspection and is currently a noncitizen without lawful status, (2) was apprehended on September 18, 2025, and not upon arrival, and (3) is not detained under § 1226(c), § 1225(b)(1), or § 1231. *Id.* at 3. Accordingly, Petitioner meets the basic requirements of the Bond Eligible Class.

Respondents do not argue that Petitioner is not a member of the Bond Eligible Class. [ECF No. 10, at 2]. Instead, Respondents ask the Court to acknowledge the Ninth Circuit's stay on the declaratory judgment. *Id.*; *Bautista v. United States Dep't of Homeland Sec.*, No. 26-1044, 2026 U.S. App. LEXIS 6750 (9th Cir. Mar. 6, 2026). Although the Court views the Petitioner as a member of the Bond Eligible Class because he meets the basic requirements and would normally grant him declaratory relief, the Court acknowledges the stay on declaratory relief and will withhold granting such relief under the class action. Even so, due process violations persist under § 1226, and the Court grants relief on that basis.

### CONCLUSION

Petitioner's continued detention is unlawful because his detention without a bond hearing violates due process. Further, the Court acknowledges the stay on declaratory relief

---

[1] The Court acknowledges the contrary decision in *Avila v. Bondi*, No. 25-3248, 2026 U.S. App. LEXIS 8744 (8th Cir. Mar. 25, 2026).

and will withhold granting such relief. The Court therefore **GRANTS** his petition for Writ of Habeas Corpus [ECF No. 1] in part under 28 U.S.C. § 2241 [ECF No.1].

**IT IS FURTHER ORDERED** Respondents release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within ten days.

**IT IS FURTHER ORDERED** Respondents shall file a status report within **14 days** of the date of this Court's order to certify compliance. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and the reason for denial if bond was denied.

**IT IS FURTHER ORDERED** Petitioner's second cause of relief is **DISMISSED WITHOUT PREJUDICE**.

Dated this 20th day of April, 2026.

Kelly H. Rankin
United States District Judge